UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Monroe Bernard Washington,<br><br>  Plaintiff,<br><br>v.<br><br>Minnesota Dept. of Corrections'<br>Supervisor Officials et al.,<br><br>  Defendants. | Case No. 22-cv-2277-KMM/DJF<br><br><br>**ORDER** |

This matter is before the Court on the December 19, 2023, Report and Recommendation ("R&R") of United States Magistrate Judge Dulce J. Foster. [ECF No. 57]. Judge Foster recommends granting the motion to dismiss filed by the Defendants in this matter and denying Plaintiff Monroe Bernard Washington's motion for an emergency injunction. Mr. Washington filed timely objections to the R&R [ECF No. 58], and Defendants filed a timely response [ECF No. 59]. For the reasons addressed below, the Court overrules Mr. Washington's objections, adopts the R&R, grants the Defendants' motion to dismiss, dismisses this case, and denies Mr. Washington's motion for emergency injunction.

## BACKGROUND

As the R&R provides a detailed factual and procedural history, the Court briefly summarizes the background of this litigation. Mr. Washington, a pro se litigant, is an inmate at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland.

[Compl., ECF No. 1 at 5]. The Defendants are Minnesota Correctional Facility-Oak Park Heights ("MCF-OPH"), Minnesota Correctional Facility-Stillwater ("MCF-STW"), Lieutenant Jason Hills ("Lt. Hills"), Sergeant Glenn Lisowy ("Sgt. Lisowy"), Andy Dubois, Lieutenant David Spets ("Lt. Spets"), Sergeant Terra O'Connor ("Sgt. O'Connor"), and Lieutenant Shane Jones ("Lt. Jones") (collectively, the "Defendants"). Mr. Washington alleges, pursuant to 42 U.S.C. § 1983, that the Defendants violated his constitutional rights. Specifically, he alleges: (1) retaliation; (2) denial of access to the courts in violation of the First Amendment; (3) violation of his Eighth Amendment rights based on the conditions of confinement at NBCI; (4) failure to protect; and (5) a claim alleging denial of the right to free exercise of religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Washington also seeks an order from the Court to: (1) place him in administrative segregation; and (2) transfer him back to Minnesota. [ECF No. 33 at 1–2, 7].

## ANALYSIS

A district court reviews *de novo* those portions of an R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objection to an R&R must specify the nature of the objection and the grounds for doing so. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Because Mr. Washington is proceeding pro se, the Court construes his objections liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

I.   **Washington's Objections to the R&R**

  A.  **Retaliation**

To state a claim for retaliation, Mr. Washington must allege that: (1) he exercised a constitutionally protected right; (2) Defendants disciplined him; and (3) exercising his constitutional right was Defendants' motivation for the discipline. *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009) (citing *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007)).  This requires Mr. Washington to plead "sufficient facts upon which retaliatory animus could be inferred." *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (rejecting a "speculative and conclusory" retaliation claim).

The R&R concludes that Mr. Washington failed to identify any Defendant connected to his transfer to Maryland or plead any other facts suggesting any Defendant had a retaliatory motive for transferring him. [ECF No. 57 at 11].  Mr. Washington objects to that finding, arguing that:

> [I]t is the job and duty of the MN Attorney General's Office to defend all defendants . . . the obvious conclusion would be for those . . . defendants included to know that plaintiff named them as corrupt to the MN Attorney General's Office, when plaintiff filed his tort claim[.]

[ECF No. 58 at 5].

The Court agrees with the R&R that Mr. Washington's Complaint fails to specify whether any particular Defendant knew of any earlier complaint, and that he does not allege any facts indicating that a named Defendant was involved in his transfer to Maryland. Accordingly, because Mr. Washington's retaliation allegations "fall far short of stating any claims from which the Court might be able to infer the retaliatory animus necessary to state a retaliation claim," [ECF No. 57 at 11], his objection to this aspect

3

of the R&R is overruled.

### B. Denial of Access to the Courts

To state an access-to-the-courts claim, Mr. Washington must allege that Defendants intended to restrict his court access and that their conduct actually "hindered his efforts" to litigate his claims. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Scheeler v. City of St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005) ("In order to prevail on such a claim, [plaintiffs] must show that the defendants acted with some intentional motivation to restrict their access to the courts.").

Judge Foster recommends that Mr. Washington's access-to-the-courts claim should be dismissed because he does not allege an actual injury resulting from Defendants' conduct. Judge Foster also concludes that the Complaint fails to allege sufficient facts "to raise a right to relief above the speculative level," and the allegations seek to accuse all Defendants without explaining what any of them did individually to deprive him of his right-of-access. [ECF No. 57 at 12 (citing Fed. R. Civ. P. 8(a))].

In his objections, Mr. Washington indicates that his original complaint, "which was filed several months prior to the second complaint, did not reach the courts[.]" [ECF No. 58 at 6]. However, Mr. Washington alleges no facts, in his complaint or objection, that would establish that Defendants interfered with the delivery of his legal mail or intended to restrict his access to the courts. Nor has Washington alleged that he was actually hindered from meaningfully pursuing his legal claims by the claimed delay. Accordingly, the Court agrees with Judge Foster that dismissal of this Count is appropriate.

### C. Conditions of Confinement

Mr. Washington alleges that the conditions of confinement in the facilities where he is serving time, most particularly the Maryland prisons, violate the Constitution. To state a claim for cruel and unusual punishment under the Eighth Amendment, a prisoner must plead facts that show his conditions of confinement "involve the wanton and unnecessary infliction of pain . . . or are grossly disproportionate to the severity of the crime" warranting imprisonment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (quotations omitted). "Eighth Amendment violations require both objectively harsh conditions of confinement and a subjectively culpable state of mind on the part of prison officials in creating or condoning those conditions." *Martin v. Byrd*, No. 4:07-cv-01184 (SWW), 2008 WL 686936, at *3 (E.D. Ark. Mar. 10, 2008). Mr. Washington must allege that his conditions of confinement amounted to "the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes*, 425 U.S. at 347). Subsequently, he has to demonstrate that the prison officials whose conduct he is contesting had a sufficiently culpable state of mind and that they "acted or failed to act despite [their] knowledge of a considerable danger of serious injury." *Id.* at 842.

The R&R found that Mr. Washington failed to identify any condition of his confinement in the Maryland facility that might be construed as objectively harsh. In his objections, Mr. Washington asserts that "it is not only defendants' job to know, what the conditions are of Maryland prisons, but its defendants' duty" and that all states are required "to be in the know and aware of conditions, rules, and policies of other states." [ECF No.

58 at 7]. Furthermore, Washington states that for Defendants "to not know . . . is negligent and a violation of plaintiff's rights to minimal civilized measure of life's necessities." [*Id.*]

The Court agrees with the R&R's conclusion that Mr. Washington did not sufficiently show how he was denied a minimal civilized measure of life's necessities. He provided nothing beyond the conclusory assertions in his complaint that the Maryland facility is a "supermax" that double bunks inmates. He also failed to adequately convey how the Minnesota-based Defendants were aware of conditions in a facility in Maryland, or "identify any condition of his confinement in the Minnesota facilities that might be construed as objectively harsh." [ECF No. 57 at 13]. As such, Mr. Washington's objection to this aspect of the R&R is overruled.

**D. Failure to Protect**

To establish a failure-to-protect claim under the Eighth Amendment, a detainee must show that the defendant "was deliberately indifferent to a 'substantial risk of serious harm'" to the detainee. *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007) (quoting *Farmer*, 511 U.S. at 828). A plaintiff must meet two requirements, one objective and one subjective, in order to make such a showing. *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010). "The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious; i.e., whether the inmate 'is incarcerated under conditions posing a substantial risk of serious harm.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). "The second requirement is subjective and requires that the inmate prove that the [state] official had a 'sufficiently culpable state of mind.'" *Id.* (quoting *Farmer*, 511 U.S. at 834).

The R&R found that Mr. Washington's failure-to-protect claim was conclusory and is the "kind of . . . accusation precluded under *Iqbal*[.]"[1] [ECF No. 57 at 15]. Further, Judge Foster determined that the complaint's allegations did not raise a right to relief above the speculative level or create a reasonable inference that any of the named Defendants was on notice that Mr. Washington faced a substantial risk of harm. [*Id.*].

Mr. Washington objects to the R&R's findings here and states that he met with multiple Defendants and informed the Defendants about "contracts being placed on inmates, including [Mr. Washington]" because a gang member had an illicit relationship with a female prison guard. [ECF No. 58 at 10]. But as explained in the R&R, Mr. Washington's complaint fails to state how the Defendants were deliberately indifferent to a risk of harm presented by the alleged July 12, 2019, attack on Washington at the Minnesota Correctional Facility, and the allegations relating to the meeting do not show how the Defendants failed to take reasonable steps to protect him.

### E.  Free Exercise of Religion

Mr. Washington has provided only a vaguely worded and non-specific objection to the R&R's conclusion that he failed to adequately allege a free-exercise claim. As such, the Court reviews this aspect of the R&R for clear error. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to a R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error").

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Based on the Court's review of the record, the Court finds no error in Judge Foster's determination that Mr. Washington's "conclusory allegations that Defendants violated his right to practice by limiting his access, privileges, and available resources [ECF No. 1 at 5], are not sufficient to state a claim for relief." Accordingly, Mr. Washington's objections to this aspect of the R&R are overruled and the recommendation that the free-exercise claim be dismissed is accepted.

### F. Claims Against Defendant "Sgt. Hilleren"

With the exception of the defendant known as "Sgt. Hilleren," counsel has appeared in this case on behalf of every listed defendant. [*See* ECF No. 37 at 1, n.2, stating that counsel did not appear for "Sgt. Hilleren" because the DOC is unable to identify this defendant]. No proof of service on Sgt. Hilleren has been filed and this defendant's waiver of service request was returned unexecuted. [ECF No. 36]. As stated in the R&R, more than 90 days have elapsed since Mr. Washington initiated this action, and he has not shown good cause for his failure to effect timely service on Sgt. Hilleren. The claims against this defendant will be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure.

### II. Injunctive Relief

As stated in the R&R, Mr. Washington's claims relating to his motion for an emergency injunction were not made prior to his request for injunctive relief. Therefore, because Mr. Washington did not assert these claims in his complaint, they are not properly pled, and his emergency injunctive relief request is denied. Even if they had been properly pled, the dismissal of each Count for failure to state a claim would also require denial of injunctive relief.

8

## CONCLUSION

The Court adopts Judge Foster's findings, grants Defendants' motion to dismiss with prejudice and denies Mr. Washington's request for an emergency injunction. For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's December 19, 2023, R&R [ECF No. 57] is **ACCEPTED**;

2. Defendants' Motion to Dismiss [ECF No. 48] is **GRANTED**;

3. Plaintiff Monroe Bernard Washington's objections [ECF No. 58] are **OVERRULED**;

4. Plaintiff's Request for Emergency Injunction is [ECF No. 33] **DENIED**;

5. This action is **DISMISSED WITH PREJUDICE** as to the following Defendants: Minnesota Correctional Facility-Oak Park Heights, Minnesota Correctional Facility-Stillwater, Lieutenant Jason Hills, Sergeant Glenn Lisowy, Andy Dubois, Lieutenant David Spets, Sergeant Terra O'Connor, and Lieutenant Shane Jones; and

6. This action is **DISMISSED WITHOUT PREJUDICE** as to Defendant Sergeant Hilleren.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 20, 2024           *s/Katherine Menendez*
                               Katherine Menendez
                               United States District Court