# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Monroe Bernard Washington, | Case No. 22-cv-2277-KMM/DJF |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Dept. of Corrections' Supervisor Officials et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Monroe Bernard Washington's application to proceed *in forma pauperis* ("IFP") on appeal. [ECF No. 63]. On March 25, 2024, the Court adopted the Report and Recommendation of Magistrate Judge Dulce J. Foster and dismissed this case with prejudice as to Defendants Minnesota Correctional Facility-Oak Park Heights, Minnesota Correctional Facility-Stillwater, Lieutenant Jason Hills, Sergeant Glenn Lisowy, Andy Dubois, Lieutenant David Spets, Sergeant Terra O'Connor, and Lieutenant Shane Jones, granted the motion to dismiss without prejudice as to Defendant Sergeant Hilleren, and denied the emergency injunction filed by Mr. Washington. [ECF No. 60]. Mr. Washington seeks to appeal that dismissal and to do so without paying the $600 appellate filing fee. Mr. Washington has submitted a certified copy of his prison trust account statement in connection with his IFP applications. [ECF No. 63].

Under 28 U.S.C. § 1915, this Court may authorize a party to proceed without prepayment of fees, costs, or security, on the affidavit of the party testifying that he is unable to pay such costs, describing the nature of the appeal and his belief that he is entitled to redress. According to this statute, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Based on a review of Mr. Washington's filings, he is entitled to IFP status on appeal. While Mr. Washington's notice of appeal does not cause the Court to question that its dismissal order was the correct decision in this case, the Court finds that his appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). However, to pursue the appeal, he must first pay an initial partial appellate filing fee of $1.51. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). This fee represents 20% of the average monthly deposits in Mr. Washington's trust account over the six-month period preceding the filing of his notice of appeal. *See* 28 U.S.C. § 1915(b)(1)(A); [ECF No. 63 at 6]. The remainder of the filing fee shall be paid in monthly installments as set forth in § 1915(b)(2).

2

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Application to proceed IFP on Appeal [ECF No. 63] is **GRANTED**; and

2. Plaintiff is required to pay an initial partial appellate filing fee of $1.51.

Date: May 2, 2024

      *s/ Katherine M. Menendez*
      Katherine M. Menendez
      United States District Judge